OPINION
{¶ 1} This is an appeal from the Common Pleas Court of Richland County which determined that three parcels of real estate or interests therein were non-marital property and awarded such to Appellee in a divorce action.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In early 1998, Appellee's mother owned the total fee interest in 1293 Manner Drive, Mansfield, OH, an undivided one-half interest in 475 Fifth Avenue, Mansfield, OH (5th Ave.), (with Appellee owning the other undivided and one-half interest in 3220 Utility Lane [Catawba Island], Port Clinton, OH.
 {¶ 3} Because of Appellee's mother's age and physical condition, Appellee prepared deeds to such three properties on January 22, 1998. The grantees were Appellee and Appellant in a survivorship form. The Catawba Island deed also included as a grantee, a cousin of Appellee, Linda Welsch.
 {¶ 4} The Manner Drive property was the marital residence.
 {¶ 5} On June 5, 2002, Appellant filed for a divorce.
 {¶ 6} Evidence was heard by the magistrate in June, 2003, and decided, as to the interests in the three properties that such were marital rather than separate properties of Appellee.
 {¶ 7} With Objections filed, the court concluded that under R.C. 3105.171 and the lack of evidence of the mother's intention in executing the deeds, that the interest in the three properties were not marital.
 {¶ 8} Appellant raises three Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 9} "I. THE TRIAL COURT'S FINDING AND DECISION THAT THE PARTIES' INTERESTS IN THE THREE PARCELS OF REAL ESTATE PROPERTY WERE WIFE'S SEPARATE PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW, COMMITTED ERROR PREJUDICIAL TO THE RIGHTS OF HUSBAND AND ABUSED ITS DISCRETION IN FINDING ALL OF THE PARTIES' INTERESTS IN ALL THREE PARCELS OF REAL ESTATE, WHICH PARCELS HAD BEEN GRANTED, DEEDED AND CONVEYED TO BOTH PARTIES EQUALLY, TO BE WIFE'S SEPARATE PROPERTY.
 {¶ 11} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW, COMMITTED ERROR PREJUDICIAL TO THE RIGHTS OF HUSBAND AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT ANY SEPARATE INTEREST THAT WIFE MAY HAVE HAD IN FIFTH AVENUE WAS TRANSMUTATED TO A MARITAL INTEREST."
 {¶ 12} Before commencing a review of the Assignments, we will state the standards of review of manifest weight and abuse of discretion which are referenced in the First and Second Assignments.
 {¶ 13} In reviewing the records to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weights heavily against the conviction." Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230,
 {¶ 14} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 I, II {¶ 15} We shall address the First and Second Assignments jointly.
 {¶ 16} The essential difference between the Magistrate's decision and that of the judge in reviewing Appellee's objections relative to the interest in the parcels of real estate in question is the admissibility of a proffer as to evidence of donative intent as to the transfer of an interest to Appellant.
 {¶ 17} The court found that the proffer was improperly accepted into evidence and therefore was not to be considered by the magistrate in determining that the parcels were marital rather than the separate property of Appellee.
 {¶ 18} Appellant, of course, asserts a transmutation resulted in such real estate becoming marital.
 {¶ 19} This court recognized the elements of transmutation stated by the Clinton County Court of Appeals in Kuehn v. Kuehn
(1988), 55 Ohio App.3d 245, in rendering its decision in Tulganv. Tulgan (1992), Ohio App. 5 Dist.
 {¶ 20} Such factors are:
 {¶ 21} "(1) the expressed intent of the parties, insofar as it can be reliably ascertained;
 {¶ 22} "(2) the source of the funds, if any, used to acquire the property;
 {¶ 23} "(3) the circumstances surrounding the acquisition of the property;
 {¶ 24} "(4) the dates of the marriage, the acquisition of the property, the claimed transmutation, and the breakup of the marriage;
 {¶ 25} "(5) the inducement for and/or purpose of the transaction which gave rise to the claimed transmutation; and
 {¶ 26} "(6) the value of the property and its significance to the parties."
 {¶ 27} The ruling as to exclusion of the proffer is not the subject of this appeal, but only the results thereof.
 {¶ 28} The statute involving separate property as opposed to transmutation into martial property is R.C. § 3105.171, which define martial property but states in subdivision (H):
 {¶ 29} "Except as otherwise provided in this section, the holding of title to property by one spouse individual or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property."
 {¶ 30} Here, Appellant as claiming that he, as a donee, received a marital interest by the respective deeds was required by clear and convincing evidence to establish the donative intent of Appellee's mother in such regard.
 {¶ 31} See Helton v. Helton (1996), 114 Ohio App.3d 683,Smith v. Smith (2004), Ohio App. 5 Dist., and Wolf v. Wolf
(1996), Ohio App. 2 Dist.
 {¶ 32} Judge Spon in the case sub judice found that the record, absent the proffer, failed to establish donative intent.
 {¶ 33} We fail to find that the court's determination was against the manifest weight of the evidence or constituted an abuse of discretion.
 {¶ 34} The First and Second Assignments of Error are rejected.
 III. {¶ 35} The Third Assignment reflects the same arguments and issues as the First and Second Assignments with the difference in the chain of title being that Appellee's mother and Appellee owned the 5th Avenue property in Mansfield, Ohio, and transferred title in a survivorship form to Appellant and Appellee.
 {¶ 36} The court, again with the proffer deleted, found the absence of proof by Appellant of a donative intention and not transmuted into marital property,
 {¶ 37} We agree that the record is devoid of an intention to create a marital interest by transmutation of title to this property.
 {¶ 38} As no substantial difference appears supporting the court's decision in regard to the 5th Avenue property, the provisions of law applicable to the First and Second Assignment also applies to the Third Assignment of Error, which we also reject.
 {¶ 39} This cause is affirmed at Appellant's costs.
Boggins, P.J., Edwards, J. concurs
Hoffman, J., Dissents without opinion
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.